ORIGINAL

FILED

10 FEB 10  PM 3: 49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Jenelle Welling (CA Bar No. 209480)
Brian S. Umpierre (CA Bar No. 236399)
**GREEN WELLING, P.C.**
595 Market Street, Suite 2750
San Francisco, CA 94105
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

Bradley Ian Berger (N.Y. Bar No. 1434455)
**BERGER ATTORNEY P.C.**
321 Broadway
New York, NY 10007
Telephone: (800) 529-4444
Facsimile: (888) 529-4448

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLARK, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC. D/B/A CAREFIRST BLUECROSS BLUESHIELD, EMERGENCY PHYSICIANS ASSOCIATES, and DOES 1-10, <br><br> Defendants. | Case No. '10 CV 0 333 BEN   BLM <br><br> CLASS ACTION <br><br> **COMPLAINT FOR VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) AND VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200,** *ET SEQ.* |

BY FAX

Plaintiff Richard Clark ("Plaintiff"), by and through his undersigned counsel, alleges, based on personal knowledge as to himself and his own acts, and, as to other matters, based on information and belief, as follows:

### THE PARTIES

1.     This is a class action brought on behalf of all members enrolled in a Group

1   Hospitalization and Medical Services, Inc. d/b/a CareFirst BlueCross BlueShield (hereinafter

2   referred to as "CareFirst" or "Defendant CareFirst") group contract for health benefits, and who

3   received covered emergency room services from an out-of-network provider and were billed for

4   the balance of such services.

5         2.      CareFirst, Inc. is the not-for-profit, non-stock, parent company of CareFirst of

6   Maryland, Inc. and Group Hospitalization and Medical Services, Inc., affiliates that do business

7   as CareFirst BlueCross BlueShield.  CareFirst serves nearly 3.4 million members.

8         3.      CareFirst provides a comprehensive array of health insurance and managed care

9   products and services primarily through indemnity health insurance, health maintenance

10  organization (HMO) coverage and health benefits administration.  Other products and services

11  include preferred provider and point of service networks, fee-for-service arrangements, third-

12  party administrator services, and other managed care services.  These products and services are

13  provided to individuals, businesses, and governmental agencies.

14        4.      CareFirst is an employee benefit plan, as defined at 29 U.S.C. §§ 1002(1) and

15  (3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

16        5.      Emergency Physicians Associates is a group practice specializing in emergency

17  medicine located in San Jose, California.

18        6.      The true names and capacities of Defendants sued as Does 1 though 10, inclusive,

19  are unknown to Plaintiff at the time of the filing of this Complaint; though, upon information and

20  belief, Plaintiff is aware of the existence additional Defendants, consisting of Out-of-Network or

21  Non-Preferred Providers who balance-billed patients receiving emergency medical services

22  pursuant to the Plan.  Plaintiff, therefore, sues said Defendants by such fictitious names.  Plaintiff

23  will seek leave of Court to amend this Complaint when the true names of said Defendants have

24  been ascertained after appropriate discovery.

25        7.      Plaintiff is enrolled for health benefits in an employee benefit plan established or

26  maintained by Plaintiff's employer, Targus Information Corporation ("Targus"), a Delaware

27  Corporation engaged in commerce or an industry affecting commerce.  The plan is maintained

28

CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA AND CALIFORNIA'S UCL

1  for the purpose of providing for its participants or their beneficiaries, through the purchase of

2  insurance or otherwise, medical, surgical and/or hospital care benefits.

3      8.    Targus is designated the "plan administrator" pursuant to 29 U.S.C.

4  § 1002(16)(A) of ERISA.

5      9.    Plaintiff received from Targus health benefits through an employee benefit plan,

6  Group No. 4F51, administered by CareFirst (the "Plan").

7      10.   Plaintiff, a resident of Escondido, California, is a full-time, permanent employee

8  of Targus and is enrolled in the Plan as a "subscriber" as defined in the Plan.

9      11.   Plaintiff is a "participant" in the Plan, as defined at 29 U.S.C. § 1002(7) of

10 ERISA.

11     12.   CareFirst's employee benefit plan also provides coverage for eligible spouses

12 and dependent children. At the time he received emergency services under the Plan, Plaintiff's

13 dependent son was covered under the Plan as an eligible dependent child, as defined in the Plan.

14     13.   Plaintiff's dependent son was a "beneficiary" in the Plan, as defined at 29 U.S.C.

15 § 1002(8) of ERISA.

16                      **JURISDICTION AND VENUE**

17     14.   This Court has jurisdiction over the subject matter of the action pursuant to the

18 Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(e)(1), and

19 28 U.S.C. § 1331.  This Court has the supplemental jurisdiction over Plaintiff's state law claim

20 pursuant to 28 U.S.C. § 1367.

21     15.   Venue is proper in this District pursuant to 29 U.S.C. § 1132(e) in that the Plan is

22 administered in this District and the breach giving rise to this Complaint occurred in this District.

23                      **CLASS ACTION ALLEGATIONS**

24     16.   Plaintiff brings this action on behalf of himself and all others similarly situated.

25 Plaintiff seeks to represent the following Class, initially defined as:

26        All members enrolled in a Group Hospitalization and Medical Services, Inc. d/b/a
          CareFirst BlueCross BlueShield employee benefit plan who visited an
27        in-network emergency room for emergency services, received
          emergency room services from an out-of-network or non-participating
28        provider, and were billed for the balance of such services from

                                  3

1          February 8, 2006 to the present, including a subclass of California
residents who were billed for the balance owing for emergency room
2          services rendered by Emergency Physicians Associates.  Excluded from
the Class are Defendants, their parents, subsidiaries, and affiliates.

3

4        17.    All Class members are hereinafter referred to as the "Class."  Subject to additional

5   information obtained through further investigation and discovery, the foregoing definition of the

6   Class may be expanded or narrowed by amendment or subsequent amended complaint.

7        18.    This action is brought and properly may be maintained as a class action, pursuant

8   to the provisions of Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on

9   behalf of all members of the Class:

10        a.    Numerosity: Members of the Class are so numerous that their individual

11   joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the

12   proposed Class contains hundreds of members.  The precise number of Class members is

13   unknown to Plaintiff at this time.  The true number of Class members is likely to be known by

14   Defendant, however, and thus, may be notified of the pendency of this action by published notice

15   or other alternative means.

16        b.    Existence and Predominance of Common Questions of Fact and Law:

17   Common questions of fact and law exist as to all members of the Class.  These questions

18   predominate over any questions affecting individual Class members.  These common factual and

19   legal questions include, but are not limited to, the following:

20        i.    Whether Defendant CareFirst's conduct constituted a violation of ERISA;

21        ii.    Whether Class members are entitled to recover benefits due to them under

22            the Plan;

23        iii.    Whether Defendant Emergency Physician Associates' conduct constituted

24            a violation of California's Knox-Keane Health Care Service Plan Act;

25        iv.    Whether Defendants' conduct was unlawful within the meaning of

26            California's Unfair Competition Law;

27        v.    Whether Defendants' conduct was unfair within the meaning of

28            California's Unfair Competition Law;

CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA AND CALIFORNIA'S UCL

1          vi.     Whether Class members lost money or property and were injured in fact as

2                  a result of Defendants' conduct;

3          vii.    Whether the Class is entitled to damages, restitution, and/or other relief.

4          c.     <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class since

5 Plaintiff received covered emergency room services from an out-of-network or non-participating

6 provider and was billed by the provider for the balance owing between what CareFirst incorrectly

7 paid as benefits under the Plan and the provider's total charges.  More specifically, CareFirst paid

8 as emergency room benefits under the Plan an amount other than 100% of the allowed benefit as

9 called for by the Plan, leaving Plaintiff responsible for the balance due to the provider.

10          d.     <u>Adequacy</u>: Plaintiff is an adequate representative of the Class because his

11 interests do not conflict with the interests of the Class he seeks to represent; he has retained

12 counsel competent and highly experienced in complex class action litigation; and he intends to

13 prosecute this action vigorously.  The interests of the Class will be fairly and adequately

14 protected by Plaintiff and his counsel.

15          e.     <u>Superiority</u>: A class action is superior to other available means of fair and

16 efficient adjudication of the claims of Plaintiff and members of the Class.  The injury suffered by

17 each individual Class members is relatively small in comparison to the burden and expense of

18 individual prosecution of the complex and extensive litigation necessitated by Defendants'

19 conduct.  Defendants have acted and/or refused to act on grounds generally applicable to the

20 Class, thereby making appropriate final injunctive and other equitable relief in favor of Plaintiff

21 and the Class.  In addition, the prosecution of separate actions by individual Class members

22 presents a potential for inconsistent and contradictory judgments that may establish incompatible

23 standards of conduct for Defendants.  Individualized litigation increases the delay and expense to

24 all parties, and to the court system, as a result of the complex legal and factual issues of the case.

25 By contrast, the class action device presents far fewer management difficulties, and provides the

26 benefits of single adjudication, economy of scale, and comprehensive supervision by a single

27 court.

28 / / /

1        f.    <u>Manageability</u>: Whatever difficulties may exist in the management of this

2   class action will be greatly outweighed by the salutary benefits of the class action procedure,

3   including but not limited to providing Class members with a method for redress of claims that

4   may not otherwise warrant individual litigation.

5                   **SUBSTANTIVE FACTUAL ALLEGATIONS**

6        19.    The CareFirst Plan is an employee benefit plan established for Targus

7   employees.  The Plan offers participants and their beneficiaries medical, surgical and/or hospital

8   care benefits.

9        20.    The Plan requires that Targus employees meet specified eligibility requirements

10   in order to receive coverage under the Plan.  For example, the Plan specifies that a "subscriber"

11   (i.e., eligible employee) must be a "permanent, bone-fide employee" of Targus employed on a

12   "regular, year-round basis."  Upon meeting the coverage eligibility requirements, the employee

13   also must timely enroll in the Plan.

14        21.    The Plan also permits a subscriber to enroll his or her dependents, such as a

15   spouse or dependent child, in the Plan, provided certain eligibility requirements are met.

16        22.    CareFirst enrolled Plaintiff and his dependent son in the Plan on August 27, 2007.

17        23.    Since their initial enrollment, Plaintiff and his dependent son were continuously

18   enrolled in and received coverage under the Plan, until October 1, 2009, at which time Plaintiff's

19   dependent son was no longer eligible for coverage pursuant to the Plan's terms.  Plaintiff remains

20   a "subscriber" and "participant" in the Plan.

21        23.    The Plan's Certificate of Coverage contains a "Description of Covered Services"

22   at Attachment A (Addendum).  Section 1.1 of Attachment A states:

23           1.1    **Benefits Under the Preferred Provider Plan:** The Preferred Provider
            Plan offers two levels of benefits . . . Under the Preferred Provider

24               Plan, you may receive benefits for a particular service under either
            the In-Network component or the Out-of-Network component.

25               You may not receive duplicate benefits for the same service.

26      24.    Section 1.2 of Attachment A describes In-Network benefits:

27           1.2    **In-Network Benefits:** When In-Network benefits apply, you are
            eligible for a higher level of benefits than the Out-of-Network

28               benefits.  In-Network benefits apply in the following instances:

6

a.   **Services Rendered By a Preferred Provider:** When you use a Preferred Provider, benefits are based on the appropriate Allowed Benefit. The level of benefits is reflected in Attachment B of the Certificate, the Schedule of Benefits. Preferred Providers will submit claims to us directly for covered services. The Preferred Provider will accept 100% of the Allowed Benefit as full payment for covered services.

b.   **Other Circumstances:** *In-Network benefits also apply in the following instance:*
*(i) In any case in which covered services are provided to you by and Health Care Facility or Health Care Practitioner* ***(whether or not a Preferred Provider)*** *for the treatment of an accidental injury or medical emergency, benefits will be available for such services to the same extent as if such Health Care Facility or Health Care Practitioner were a Preferred Provider.*
*In this instance, benefits are based on the appropriate Allowed Benefit for the service or supply provided. The level of benefits (i.e., coinsurance and/or copayment) for these Providers' services will be those shown under In-Network Benefits in Attachment B of the Certificate, the Schedule of Benefits. You may be responsible for amounts in excess of the Plan Allowance for these services.*

(emphasis added).

25.   Attachment B to the Certificate of Coverage is titled "Schedule of Benefits." In the Schedule of Benefits, CareFirst lists general Plan benefit features, such as in-network and out-of-network deductibles and out-of-pocket limits, and benefit Plan allowances.

26.   In the "Outpatient Hospital Services" section of the Schedule of Benefits appears the Plan benefits breakdown for "Emergency Room Treatment."

27.   According to the Schedule of Benefits, as amended, In-Network "Emergency Room Treatment" services are covered under the Plan at "100% of the Allowed Benefit, minus a Member Co-payment of $50 per visit."

28.   For a Preferred Provider, "Allowed Benefit" is defined as the lesser of "the actual charge" or "the amount CareFirst allows for the service in effect on the date the service is rendered." "The benefit is payable to the provider and is accepted as payment in full, except for any applicable Deductible, Copayment and Coinsurance amounts, for which the Member is responsible."

29.   On September 21, 2008, Plaintiff's dependent son and Plan beneficiary, Brett

7

1   Clark, visited his local emergency room at O'Connor Hospital in San Jose, California for

2   treatment of a broken hand.

3       30.     On October 16, 2008, CareFirst received claims for benefits under the

4   Plan, submitted by Plaintiff through his employer.  Claim number 9027W06879 pertained to the

5   hospital emergency room facility charges.  Claim number 8290W05254 pertained to charges

6   incurred by Emergency Physician Associates.

7       31.     The fees incurred for the emergency room visit totaled $2,815.00.  The facility

8   charge payable to the hospital emergency room totaled $1,722.  The physician's charges incurred

9   by Emergency Physician Associates for the emergency room visit totaled $1,093.

10      32.     CareFirst covered the emergency room's facility charge at 100%, less the $50

11  co-payment, in accordance with Plan requirements.

12      33.     However, as detailed in the Explanation of Benefits ("EOB") form relating to

13  Emergency Physicians Associates' services, CareFirst paid only $246.96 of the $1,093 in

14  physician charges, leaving Plaintiff responsible for payment of the remaining $846.04 balance.

15      34.     CareFirst's EOB explains that Emergency Physician Associates' charges are "over

16  our plan allowance" for these services.  "This non-allowed amount is included in the member

17  responsibility amount and the provider may collect the non-allowed amount from the member.

18  Payments included with this EOB are reimbursement for covered health services rendered by a

19  non-participating provider.  It is the member's responsibility to pay the provider for these

20  services."

21      35.     Emergency Physicians Associates billed Plaintiff for the $846.04 balance not paid

22  by CareFirst.

23      36.     As evidenced by letter dated on or about January 30, 2009, CareFirst received

24  Plaintiff's timely written appeal, submitted in accordance with Plan requirements.  CareFirst was

25  notified that Plaintiff appealed the treatment of the claim relating to the coverage for emergency

26  room services provided by Emergency Physician Associates and requested additional

27  reimbursement in accordance with the Plan terms.

28      37.     By letter dated June 4, 2009, CareFirst denied Plaintiff's appeal, notifying

8

CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA AND CALIFORNIA'S UCL

1   Plaintiff that "[t]his is a Final Adverse Decision.  You may be financially liable for this claim."

2        38.    CareFirst denied Plaintiff's appeal because "[i]t has been determined that the

3   claim processed correctly according to the terms of your contract emergency services benefit, at

4   100% of the plan allowance."  However, the denial letter continued by citing to Section 1.2(b)(i)

5   of the General Provisions section of the Plan ("In-Network Benefits, Other Circumstances"),

6   which provides In-Network benefits for the treatment of accidental injury or medical emergency

7   to the same extent as if the Health Care Facility or Health Care Practitioner was a Preferred

8   Provider, regardless of whether the treating Health Care Facility or Health Care Practitioner

9   actually is a Preferred Provider.

10       39.    In early August of 2009, CareFirst received a second letter from Plaintiff

11  appealing the denial of benefits determination contained in CareFirst's June 4, 2009 letter.

12       40.    CareFirst has not responded to Plaintiff's second appeal.

13                 **FIRST CAUSE OF ACTION**
        **(Recovery of Benefits, ERISA, 29 U.S.C. § 1132(a)(1)(B))**

14                  **(Against Defendant CareFirst)**

15       41.    Plaintiff realleges and incorporates each and every allegation set forth in the

16  paragraphs above.

17       42.    Plaintiff asserts this Cause of Action individually and on behalf of all members of

18  the Class against Defendant CareFirst for the recovery of benefits due for emergency room

19  services, as defined by the Plan.

20       43.    CareFirst is an employee benefit plan, as defined at 29 U.S.C. §§ 1002(1) and (3)

21  of ERISA.

22       44.    Plaintiff is a "participant" in the CareFirst employee benefit plan, as defined at

23  29 U.S.C. § 1002(7) of ERISA.

24       45.    Plaintiff's dependent son is a "beneficiary" in the CareFirst employee benefit plan,

25  as defined at 29 U.S.C. § 1002(8) of ERISA.

26       46.    As set forth herein, CareFirst's acts and practices of not providing In-Network

27  benefits for emergency room services to the same extent as if the Health Care Facility or Health

28  Care Practitioner was a Preferred Provider, regardless of whether the treating Health Care

9

CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA AND CALIFORNIA'S UCL

1    Facility or Health Care Practitioner actually is a Preferred Provider, are contrary to the plain

2    language of the Plan terms.

3        47.    Pursuant to § 1132(a)(1)(B) of ERISA, Plaintiff seeks to recover benefits due to

4    him under the terms of his plan, to enforce his rights under the terms of his plan, and to clarify

5    his rights to future benefits under the terms of his plan.

6        48.    Plaintiff seeks recovery of attorneys' fees and costs of litigation pursuant to

7    § 1132(g)(1) of ERISA.

8    **SECOND CAUSE OF ACTION**
     **(For Violations of California Bus. & Prof. Code, §§ 17200, *et seq.*)**
9    **(Against Defendants CareFirst, Emergency Physicians Associates and Does 1-10)**

10       49.    Plaintiff realleges and incorporates each and every allegation set forth in the

11   paragraphs above.

12       50.    Plaintiff asserts this Cause of Action individually and on behalf of all members of

13   the Class against Defendants CareFirst and Emergency Physicians Associates for unlawful and

14   unfair business practices, as defined by California Business and Professions Code, §§ 17200, *et*

15   *seq.*

16       51.    Defendants' conduct violates California Business and Professions Code § 17200,

17   *et seq.* The acts and practices of Defendants constitute a common continuous and continuing

18   course of conduct of unfair competition by means of unlawful and unfair business acts or

19   practices within the meaning of Section 17200.

20       52.    Defendants' acts and practices are unlawful because they violate California law,

21   including the Knox-Keane Health Care Service Plan Act of 1975, Health & Safety Code,

22   §§ 1340, *et seq.*, ("Knox-Keane Act") in that Defendants balance-billed Plaintiff for the

23   difference between the amount billed by Emergency Physicians Associates for emergency room

24   services and the amount paid by CareFirst for those services.  Defendants are emergency health

25   care providers subject to the Knox-Keane Act.

26       53.    Defendants' conduct not only violates the unlawful prong of Section 17200, but

27   also constitutes a violation of Section 17200's "unfair" prong.  Defendants' conduct is "unfair" in

28   that it offends public policy, is immoral, unscrupulous, unethical, deceitful and offensive, and

10

CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA AND CALIFORNIA'S UCL

1  causes substantial injury to Plaintiff and members of the Class. Defendants' conduct also

2  undermines or violates the policies embodied in the Knox-Keane Act—one of which is to

3  prevent the placement of patients in the middle of billing disputes between doctors and health

4  care service plans—thus providing a sufficient predicate for Plaintiff's claim for unfair business

5  practices.

6       54.     Defendants' conduct causes substantial injury to Plaintiff and the Class because,

7  as a result of such conduct, patients receiving emergency medical services are forced to pay the

8  balance of the bills for emergency medical services provided by out-of-network health care

9  providers and/or facilities, including Emergency Physicians Associates, but not paid by

10 CareFirst, in contravention of California law.

11      55.     Plaintiff and Class members are entitled to full restitution of the amounts they

12 paid to satisfy the balance of bills incurred in connection with their receipt of emergency medical

13 services.

14      56.     Plaintiff seeks an order enjoining Defendants CareFirst and Emergency Physicians

15 Associates from continuing to engage in unlawful and unfair business practices, and any other act

16 prohibited by law.  Plaintiff also seeks an order awarding attorneys' fees and costs pursuant to

17 Code of Civil Procedure Section 1021.5.

18      57.     Plaintiff and the Class have suffered injury in the form of actionable losses of

19 money as a direct and proximate result of Defendants' unlawful and unfair business practices.

20      58.     Plaintiff seeks an order for restitution compelling Defendant Emergency

21 Physicians Associates to return the monies it wrongfully obtained as a result of its unlawful and

22 unfair practices, such monies in good conscience properly belonging to him and those other

23 persons in interest from whom the money was improperly taken.

24                            **PRAYER FOR RELIEF**

25      WHEREFORE, Plaintiff prays that this Court enter judgment on his behalf adjudging and

26 decreeing that:

27      A.     This action may be maintained as a class action under Federal Rule of Civil

28

11

1  Procedure 23, and certifying Plaintiff as the representative of the Class and designating his

2  counsel as counsel for the Class;

3        B.     The conduct of Defendant CareFirst violates the plain language of the Plan in that

4  benefits for emergency room services are not provided in the amount of the actual charge

5  incurred by out-of-network or non-participating providers;

6        C.     Judgment is rendered against Defendant CareFirst and in favor of Plaintiff and

7  each member of the Class for benefits due under the terms of the Plan;

8        D.     The conduct of Defendants CareFirst and Emergency Physician Associates

9  constitutes an unlawful and/or unfair business practice within the meaning of California's Unfair

10  Competition Law, California Business and Professions Code § 17200, *et seq.*;

11        E.     Judgment is entered against Defendant Emergency Physicians Associates and in

12  favor of Plaintiff and each Class member for restitution;

13        F.     For an order enjoining Defendants from continuing the conduct alleged herein;

14        G.     For prejudgment and post-judgment interest;

15        H.     For equitable relief, including a judicial determination of the rights and

16  responsibilities of the parties;

17        I.     For attorneys' fees;

18        J.     For costs of suit;

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

12

1      K.      For such other and further relief as the Court may deem just and proper.

2    DATED: February 8, 2010                    Respectfully submitted,

3                                               **GREEN WELLING, P.C.**

4

5                                               By: _____
                                                        Jenelle Welling
6
                                                Brian S. Umpierre
7                                               595 Market Street, Suite 2750
                                                San Francisco, CA 94105
8                                               Telephone:  (415) 477-6700
                                                Facsimile:  (415) 477-6710
9
                                                Bradley Ian Berger
10                                              **BERGER ATTORNEY P.C.**
                                                321 Broadway
11                                              New York, NY 10007
                                                Telephone: (800) 529-4444
12                                              Facsimile: (888) 529-4448

13                                              *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

CLASS ACTION COMPLAINT FOR VIOLATION OF ERISA AND CALIFORNIA'S UCL

ORIGINAL

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Clark, Richard | Group Hosp. & Med. Services, Inc. d/b/a/ CareFirst BlueCross BlueShield; Emergency Physicians Ass., Does 1-10 |

**(b)**  County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

10 FEB 10  PH 3: 49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ____ DEPUTY

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Jenelle Welling, Green Welling, P.C., 595 Market St., Suite 2750, San Francisco, CA 94105 (415-477-6700)

Attorneys (If Known)

'10 CV 0333 BEN     BLM

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment   ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Employee Retirement Income Security Act, 29 U.S.C. 1132, 28 U.S.C. 1331, 28 U.S.C. 1367
Brief description of cause:
For benefits due under employee benefit plan and for violation of California's Unfair Competition Law

## VII.  REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  02/08/2010

SIGNATURE OF ATTORNEY OF RECORD  _Jenelle Welling_

BY FAX

FOR OFFICE USE ONLY

RECEIPT #  10590   AMOUNT  $350    APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

PB 02-10-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010090
Cashier ID: mbain
Transaction Date: 02/10/2010
Payer Name: ONE LEGAL
-----------------------------------
CIVIL FILING FEE
 For: CLARK V GROUP HOSP
 Case/Party: D-CAS-3-10-CV-000333-001
 Amount:       $350.00
-----------------------------------
CHECK
 Check/Money Order Num: D3136079
 Amt Tendered:  $350.00
-----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```