1  Michael L. Cypers (State Bar. No. 100641)
    mcypers@crowell.com
2  Melanie Natasha Henry (State Bar No. 250936)
    mhenry@crowell.com
3  CROWELL & MORING LLP
4  515 South Flower Street, 40th Floor
   Los Angeles, CA  90071
5  Telephone:     (213) 662-4750
   Facsimile:      (213) 662-2690
6

7  Christopher Flynn *(pro hac vice)*
    cflynn@crowell.com
8  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
9  Washington, D.C.  20004
   Telephone:     (202) 624-2500
10 Facsimile:      (202) 628-5116

11
   Attorneys for Defendant
12 Group Hospitalization and Medical Services, Inc.
   D/B/A CareFirst BlueCross BlueShield
13

14                **UNITED STATES DISTRICT COURT**

15              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| RICHARD CLARK, on behalf of himself and all other similarly situated, | **CASE NO: 10-CV-00333-BEN-BLM** |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION OF DEFENDANT GROUP HOSPITALIZATION SERVICES, INC. D/B/A CAREFIRST BLUECROSS BLUESHIELD TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6), OR IN THE ALTERNATIVE, MOTION TO STRIKE PURSUANT TO FED. R. CIV. PROC. 12(f)** |
| vs. | |
| GROUP HOSPITALIZATION AND MEDICAL SERVICES, INC. D/B/A CAREFIRST BLUECROSS BLUESHIELD, EMERGENCY PHYSICIANS ASSOCIATES, and DOES 1-10, | |
| Defendants. | Hon. Roger T. Benitez<br>Court Room 3<br>Hearing Date:  June 1, 2010<br>Hearing Time: 10:30 a.m. |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 1, 2010, at 10:30 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Roger T. Benitez, Courtroom 3, Edward J. Schwartz United States Courthouse, 940 Front Street, San Diego, California 92101, Defendant Group Hospitalization and Medical Service, Inc. dba CareFirst BlueCross BlueShield's ("CareFirst") will and hereby does move the Court to dismiss with prejudice the Complaint in its entirety, or in the alternative, to strike portions of the Complaint.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), CareFirst is entitled to dismissal of the entire Complaint, including the two asserted causes of action for (1) Recovery of Benefits under ERISA, 29 U.S.C. § 1132 (a)(1)(B); and (2) for violations of California's Unfair Competition Law, California Business and Professions Code § 17200, et seq. ("UCL"), with prejudice, for the following reasons:

First, Plaintiff Richard Clark ("Plaintiff") was not denied any benefits under his ERISA health plan that were due to him as necessary to state a claim under ERISA § 501(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B) (providing that "[a] civil action may be brought by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.") The allegations in Plaintiff's Complaint make clear that CareFirst properly rendered health benefits according to the terms of his health benefits plan and fulfilled its obligations under the plan as a matter of law.

Second, Plaintiff's claims brought under California's UCL, alleging violations of California's Knox-Keene Act, are preempted by ERISA. *See Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005) (dismissing UCL claims on the ground of ERISA preemption).

Third, to the extent Plaintiff alleges that CareFirst violated California's Knox-Keene Act by engaging in the unlawful practice known as "balance billing," allegations in the Complaint contradict this assertion. The Complaint alleges that Defendant Emergency Physicians Associates, and not CareFirst, balance billed Plaintiffs. As such, Plaintiff cannot state a UCL

claim against CareFirst predicated on a violation of the Knox-Keene Act.

Because Plaintiff's Complaint is fatally flawed and any amendment would be futile, CareFirst moves to dismiss the Complaint in its entirety with prejudice.

In the alternative, CareFirst moves to strike portions of the Complaint to the extent that the class allegations include non-California residents who incurred no injury within California. (Complaint filed February 10, 2010, ¶ 16). Plaintiff may not assert a California UCL claim on behalf of individuals who do not reside in California and suffered no injury in California. *See Norwest Mortgage, Inc. v. Superior Ct.*, 72 Cal. App. 4th 214 (1999).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and upon such matters as may be presented to the Court prior to or at the time of the hearing.

Respectfully submitted,

Dated: April 5, 2010　　　　　　　　　　　　　　Crowell & Moring LLP

　　　　　　　　　　　　　　　　　　　　　s/ Melanie Natasha Henry
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　Group Hospitalization and Medical Services, Inc.
　　　　　　　　　　　　　　　　　　　　　D/B/A CareFirst BlueCross BlueShield
　　　　　　　　　　　　　　　　　　　　　Email: mhenry@crowell.com