1  Michael L. Cypers (State Bar. No. 100641)
      mcypers@crowell.com
2  Melanie Natasha Henry (State Bar No. 250936)
      mhenry@crowell.com
3  CROWELL & MORING LLP
4  515 South Flower Street, 40th Floor
   Los Angeles, CA  90071
5  Telephone:     (213) 662-4750
   Facsimile:     (213) 662-2690
6

7  Christopher Flynn *(pro hac vice)*
      cflynn@crowell.com
8  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
9  Washington, D.C.  20004
   Telephone:     (202) 624-2500
10 Facsimile:     (202) 628-5116

11
   Attorneys for Defendant
12 Group Hospitalization and Medical Services, Inc.
   D/B/A CareFirst BlueCross BlueShield
13

14              **UNITED STATES DISTRICT COURT**

15        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

16

17 RICHARD CLARK, on behalf of himself     | **CASE NO: 10-CV-00333-BEN-BLM**
   and all other similarly situated,
18

19                         Plaintiffs,      | **MEMORANDUM OF POINTS AND
                                            | AUTHORITIES IN SUPPORT OF**
20              vs.                          | **DEFENDANT GROUP HOSPITALIZATION
                                            | SERVICES, INC. D/B/A CAREFIRST**
21 GROUP HOSPITALIZATION AND                | **BLUECROSS BLUESHIELD'S MOTION TO
   MEDICAL SERVICES, INC. D/B/A            | DISMISS PURSUANT TO FED. R. CIV. PROC.**
22 CAREFIRST BLUECROSS                      | **12(b)(6), OR IN THE ALTERNATIVE,
   BLUESHIELD, EMERGENCY                   | MOTION TO STRIKE PURSUANT TO FED.**
23 PHYSICIANS ASSOCIATES, and DOES         | **R. CIV. PROC. 12(f)**
   1-10,
24

25                         Defendants.      | Hon. Roger T. Benitez
                                            | Court Room 3
26                                          | Hearing Date:  June 1, 2010
                                            | Hearing Time: 10:30 a.m.
27

28

1

**TABLE OF CONTENTS**

2

**Page**

3    I.    INTRODUCTION ................................................................................................. 1

4    II.   BACKGROUND ................................................................................................... 1

5          A.    Factual Background ................................................................................. 1

6                1.    Relevant Terms of the Plan ......................................................... 2

7                2.    Claims for Benefits ..................................................................... 3

8          B.    Procedural History ................................................................................. 3

9    III.  STANDARD OF REVIEW ................................................................................. 4

10         A.    Motion to Dismiss................................................................................... 4

11         B.    Motion to Strike ..................................................................................... 4

12   IV.   ARGUMENT ....................................................................................................... 5

13         A.    Plaintiff Fails to State a Claim for Relief Under ERISA. ....................... 5

14         B.    ERISA Preempts Plaintiff's State Unfair Competition Law Cause Of

15               Action. ..................................................................................................... 7

16         C.    Plaintiff's UCL Claim Is Also Defective As a Matter of Law................. 9

17         D.    The Court Should Strike Plaintiff's Purported Class Definition ........... 10

18   V.    CONCLUSION................................................................................................... 11

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-i-

1

# TABLE OF AUTHORITIES

2

**Page**

3

**CASES**

4

*Aetna Health Inc. v. Davila*
542 U.S. 200 (2004) .......................................................................................... 7

5

*Anderson v. Angelone*
86 F.3d 932 (9th Cir. 1996) ............................................................................. 4

6

*Ashcroft v. Iqbal*
_ U.S. _, 129 S. Ct. 1937 (2009). ................................................................... 4

7

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*
459 U.S. 519 (1983) ......................................................................................... 4

8

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) ........................................................................... 4

9

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S.*
497 F.3d 972 (9th Cir. 2007) ........................................................................... 7

10

11

*Cleghorn v. Blue Shield of Cal.*
408 F.3d 1222 (9th Cir. 2005) ................................................................. 7, 8, 9

12

*Cohen v. Health Net*
29 Cal. Rptr. 3d 46 (*previously published* at 129 Cal. App. 4th 841), *review
dismissed and remanded by* 56 Cal. Rptr. 3d 474 (Cal. 2007) ..................... 8, 9

13

14

*Curtis v. Nev. Bonding Corp.*
53 F.3d 1023 (9th Cir. 1995) ........................................................................... 5

15

*In re Daou*
411 F.3d 1006 (9th Cir. 2005), cert. denied, 546 U.S. 1172 (2006) ............... 4

16

*Gompper v. VISX, Inc.*
298 F.3d 893 (9th Cir. 2002) ........................................................................... 4

17

*Greany v. W. Farm Bureau Life Ins. Co.*
973 F.2d 812 (9th Cir. 1992) ........................................................................... 7

18

19

*Harper v. Am. Chambers Life Ins. Co.*
898 F.2d 1432 (9th Cir. 1990) ......................................................................... 7

20

*Hayes v. Woodford*
444 F. Supp. 2d 1127 (S.D. Cal. 2006) ........................................................... 5

21

*Mir v. Little Co. of Mary Hosp.*
844 F.2d 646 (9th Cir. 1988) ........................................................................... 4

22

23

*Norwest Mortgage, Inc. v. Superior Court*
72 Cal. App. 4th 214 (1999) ........................................................................... 11

24

*PM Group Life Ins. v. W. Growers Assurance Trust*
953 F.2d 543 (9th Cir. 1992) ........................................................................... 7

25

*Prospect Med. Group, Inc. v. Northridge Emergency Med. Group*
45 Cal. 4th 497 (Cal. 2009) ............................................................................. 10

26

*Sarkisyan v. CIGNA Healthcare of Cal., Inc.*
613 F. Supp. 2d 1199 (C.D. Cal. 2009) ........................................................ 8, 9

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-ii-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1
2

## TABLE OF AUTHORITIES
### (continued)

Page

3

*Sidney-Vinstein v. A.H. Robins Co.*
   697 F.2d 880 (9th Cir. 1983)............................................................................ 5

4

*Speyer v. Avis Rent A Car Sys. Inc.*
   415 F. Supp. 2d 1090 (S.D. Cal. 2005) .................................................... 10, 11

5

*Steckman v. Hart Brewing, Inc.*
   143 F.3d 1293 (9th Cir. 1998)........................................................................... 4

6

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007)............................................................................. 4

7

*Transphase Sys. v. S. Cal. Edison*
   839 F. Supp. 711 (C.D. Cal. 1993) .................................................................. 10

8

9

*W. Mining Council v. Watt*
   643 F.2d 618 (9th Cir. 1981)............................................................................. 4

10

*Wright v. Or. Metallurgical Corp.*
   360 F.3d 1090 (9th Cir. 2004)......................................................................... 10

11

## STATUTES

12

29 U.S.C. § 1002................................................................................................... 5

13

29 U.S.C. § 1132(a) ..................................................................................... *passim*

14

29 U.S.C. § 1144(a) .............................................................................................. 7

Knox-Keene Health Care Service Plan Act of 1975, Cal. Health & Safety Code §§
   1340, *et seq.*......................................................................................................... 9

15

## RULES

16

Federal Rule of Civil Procedure 12(b)(6) ....................................................... 4, 5

17

Federal Rule of Civil Procedure 12(f)............................................................. 4, 5

18

Federal Rule of Civil Procedure 12(g)(1) .......................................................... 5

19

## OTHER AUTHORITIES

20

5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382
   (3d. ed. 2004) ...................................................................................................... 5

21
22
23
24
25
26
27
28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iii-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

## I.    INTRODUCTION

In this putative class action, Plaintiff Richard Clark ("Plaintiff") challenges an alleged failure of Defendant Group Hospitalization and Medical Services, Inc. d/b/a CareFirst BlueCross BlueShield ("CareFirst") to provide benefits under an ERISA-governed employee benefit plan for emergency care services rendered by Defendant Emergency Care Physicians Associates ("Physicians Associates").  Plaintiff asserts causes of action against CareFirst and Physicians Associates pursuant to ERISA § 502(a)(1)(B) for an alleged denial of benefits, and under California's Unfair Competition Law, California Business & Professions Code § 17200, et. seq. ("UCL"), for allegedly unlawful "balance billing" of Plaintiff in violation of the Knox-Keene Act. (Complaint filed February 10, 2010 ("Complaint"), ¶¶ 41-58.)

Plaintiff's Complaint fails to state a cognizable claim for relief.  The allegations in the Complaint clearly show that CareFirst properly adjudicated Plaintiff's claims for health benefits according to the terms of the Plan.  As a result, CareFirst did not deny any plan benefit due to Plaintiff, as required to state a claim under ERISA § 502(a)(1)(B).  In addition, Plaintiff's state UCL cause of action is clearly preempted by ERISA.  Further, even if Plaintiff stated valid legal claims (he does not), Plaintiff's alleged class definition must be stricken as it includes members who could not be entitled to a UCL remedy under the law.

Accordingly, Plaintiff's Complaint is fatally flawed, and any amendment to Plaintiff's claims to state cognizable causes of action would be futile.  Thus, the claims asserted against CareFirst should be dismissed with prejudice.

## II.    BACKGROUND

### A.    Factual Background

According to Plaintiff's Complaint, on August 27, 2007, Plaintiff enrolled himself and his dependent son in a health benefit plan, Group No. 4F51, (the "Plan") through his employer Targus Information Corporation. (Compl. ¶¶ 7, 9, 13, 22.) CareFirst administers the Plan, which is an employee benefit plan as defined under ERISA. (*Id.* ¶¶ 4, 9, 19.)  Plaintiff is a "subscriber" or "participant" in the Plan, and his son was a beneficiary of the Plan until he became ineligible for coverage in October 2009. (*Id.* ¶ 23.)

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1

### 1.   *Relevant Terms of the Plan*

2

  The Plan provides a description of covered services in its Certificate of Coverage.  (*Id.* ¶¶

3

23-24.)  There are two levels of benefits for services:  In-Network or Out-of-Network.  (*Id.* ¶ 23.)

4

In-Network benefits apply when services are rendered by a Preferred Provider, as defined in the

5

Plan, and in certain other circumstances as delineated by the Plan.  (*Id.* ¶ 24.)  One such

6

circumstance is when emergency care services are provided to a subscriber.  (*Id.*)

7

  According to the Complaint, the Plan provides as follows for emergency care: "In any

8

case in which covered services are provided to you by and [sic] Health Care Facility or Health

9

Care Practitioner (**whether or not a Preferred Provider**) . . ., benefits will be available for such

10

services to the same extent as if such Health Care Facility or Health Care Practitioner were a

11

Preferred Provider." (*Id.* citing <u>Certificate of Coverage</u>, § 1.2,  Attachment A[1]).  In this instance,

12

the amount of the benefit is the "appropriate Allowed Benefit for the service or supply provided,"

---

13

[1]  The relevant text of Certificate of Coverage section 1.2, Attachment A, describing In-Network
benefits is as follows:

14

15

  **1.2 In-Network Benefits**:  When In-Network benefits apply, you are
eligible for a higher level of benefits than the Out-of-Network benefits.  In-
Network benefits apply in the following instances:

16

17

  **a. Services Rendered By a Preferred Provider**:  When you use a
Preferred Provider, benefits are based on the appropriate Allowed Benefit.
The level of benefits is reflected in Attachment B of the Certificate, the

18

Schedule of Benefits.  Preferred Providers will submit claims to us directly
for covered services.  The Preferred Provider will accept 100% of the

19

Allowed Benefit as full payment for covered services.

20

  **b. Other Circumstances**:  In-Network benefits also apply in the following
instance:

21

22

  (i) In any case in which covered services are provided to you by and [sic]
Health Care Facility or Health Care Practitioner (**whether or not a
Preferred Provider**) for the treatment of an accidental injury or medical

23

emergency, benefits will be available for such services to the same extent
as if such Health Care Facility or Health Care Practitioner were a Preferred

24

Provider.  In this instance, benefits are based on the appropriate Allowed
Benefit for the service or supply provided.  The level of benefits (i.e.,

25

coinsurance and/or copayment) for these Providers' services will be those
shown under In-Network Benefits in Attachment B of the Certificate, the

26

Schedule of Benefits.  You may be responsible for amounts in excess of the
Plan Allowance for these services.

27

(Compl. ¶ 24.)

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1   which is provided in Attachment B to the Certificate of Coverage. (*Id.*) The Plan explicitly states

2   that the subscriber "may be responsible for amounts in excess of the Plan Allowance for these

3   services." (*Id.*)

4         Attachment B to the Certificate of Coverage delineates the "Schedule of Benefits" that

5   provide the "appropriate Allowed Benefit" for emergency care. (*Id.* ¶ 25.) In-Network

6   "Emergency Room Treatment" is covered at "100% of the Allowed Benefit, minus a Member Co-

7   payment of $50 per visit." (*Id.* ¶ 27.) For Preferred Providers, "Allowed Benefit" is defined as

8   the lesser of "the actual charge" or "the amount CareFirst allows for the service in effect on the

9   date the service is rendered." (*Id.* ¶ 28.)

10        **2.    *Claims for Benefits***

11        On September 21, 2008, Plaintiff's son went to the local emergency room for treatment

12   for a broken hand. (*Id.* ¶ 29.) Plaintiff submitted two benefits claims from this visit to CareFirst

13   through his employer—one for the hospital emergency room facility charge and one for the

14   services provided by Physicians Associates. (*Id.* ¶¶ 30-31.)

15        CareFirst paid the appropriate benefits for these claims. (*Id.* ¶¶ 32-34.) Specifically with

16   respect to the Physicians Associates' charge, CareFirst paid the allowed amount, which was less

17   than the total fee charged by Physicians Associates. (*Id.* ¶¶ 33-34.) CareFirst sent Plaintiff an

18   Explanation of Benefits, explaining that these charges were "over [the] plan allowance" for the

19   services. (*Id.* ¶ 34.)

20        Subsequently, Physicians Associates, <u>not</u> CareFirst, allegedly billed Plaintiff for the

21   remaining balance unpaid by insurance coverage. (*Id.* ¶ 35.) Plaintiff alleges these acts to

22   constitute improper "balance billing." (*Id.* ¶ 52.) Plaintiff appealed CareFirst's determination of

23   benefits and requested additional reimbursement. (*Id.* ¶ 36.) CareFirst denied the appeal because

24   the claim was "processed correctly according to the terms of [Plaintiff's] contract emergency

25   services benefit, at 100% of the plan allowance." (*Id.* ¶ 38.)

26        **B.    Procedural History**

27        Plaintiff filed the instant purported class action Complaint on February 10, 2010.

28   CareFirst was served on February 12, 2010. Physicians Associates filed its Answer on March 17,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1    2010.  By stipulation and Court Order, the date for CareFirst to answer or otherwise respond to

2    the Complaint was extended to April 5, 2010.

3    **III.     STANDARD OF REVIEW**

4         **A.     <u>Motion to Dismiss</u>**

5              A motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure ("FRCP")

6    12(b)(6) may be granted upon two grounds:  (1) lack of a cognizable legal theory, or (2)

7    insufficient facts under a cognizable theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

8    699 (9th Cir. 1988).  "To survive a motion to dismiss, a complaint must contain sufficient factual

9    material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

10   *Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).

11             For purposes of a motion to dismiss, the court should accept the facts alleged in the

12   complaint as true.  *Id.*  However, the Court is not required to accept as true "conclusory

13   allegations which are contradicted by documents referred to in the complaint."  *Steckman v. Hart*

14   *Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *see also W. Mining Council v. Watt*, 643

15   F.2d 618, 624 (9th Cir. 1981).  The Court also need not assume that the plaintiff can prove facts

16   that have not been alleged in the complaint.  *See Associated Gen. Contractors of Cal., Inc. v. Cal.*

17   *State Council of Carpenters*, 459 U.S. 519, 526 (1983).

18             In considering a motion to dismiss, the Court is generally limited to the allegations on the

19   face of the complaint.  *See, e.g., Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  The

20   Court, however, may consider materials that are the proper subject of judicial notice as well as

21   contracts referenced in the complaint, if the complaint relies upon the contract and its authenticity

22   is unquestioned.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (contracts); *Mir v.*

23   *Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (judicial notice).  Further, a motion to

24   dismiss may be granted with prejudice, where it is clear that plaintiff could not cure the defects by

25   amending the complaint.  *In re Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005), cert. denied, 546 U.S.

26   1172 (2006) (citation omitted); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

27        **B.     <u>Motion to Strike</u>**

28             Under FRCP 12(f), a party may move to strike from a pleading, "any redundant,

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1    immaterial, impertinent, or scandalous matter." "Immaterial" matters are those which have no

2    essential or important relationship to the claim for relief; "impertinent" matters are statements that

3    do not pertain to and are not necessary to the issues in question. *See* 5C Charles A. Wright &

4    Arthur R. Miller, Federal Practice and Procedure § 1382, at 458, 461 (3d. ed. 2004); *Hayes v.*

5    *Woodford*, 444 F. Supp. 2d 1127, 1132 (S.D. Cal. 2006). Rule 12(f) motions are intended "to

6    avoid the expenditure of time and money that must arise from litigating spurious issues by

7    dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880,

8    885 (9th Cir. 1983).

9         Pursuant to FRCP 12(g)(1), motions brought under Rule 12(b)(6) and Rule 12(f) may be

10   joined in a single motion.

11   **IV.    ARGUMENT**

12        **A.    Plaintiff Fails to State a Claim for Relief Under ERISA**

13        ERISA § 502(a)(1) provides in pertinent part: "A civil action may be brought by a

14   participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to

15   enforce his rights under the terms of  the plan, or to clarify his rights to future benefits under the

16   terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A "participant" is "any employee or former

17   employee . . . who is or may become eligible to receive a benefit of" an ERISA plan. *Id.* §

18   1002(7); *Curtis v. Nev. Bonding Corp.*, 53 F.3d 1023, 1027 (9th Cir. 1995). A "beneficiary" is

19   defined as "a person designated by a participant, or by the terms of an employee benefit plan, who

20   is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

21        Plaintiff alleges that his dependent son, Brett Clark, was a beneficiary of the Plan, and as

22   such, was entitled to benefits due under the Plan. (Compl. ¶¶ 21-23.) After Brett obtained

23   treatment at an emergency room, Plaintiff alleges that CareFirst failed to pay the entire amount of

24   charges billed by Physicians Associates. (*Id.* ¶¶ 33-34.)

25        Plaintiff further claims that CareFirst's conduct "violates the plain language [of the Plan]

26   in that benefits for emergency room services are not provided in the amount of the actual charge

27   incurred. . . ." (Compl., Prayer for Relief, § B.) Plaintiff then claims that he was "balance billed"

28   for the balance remaining from the portion of the Physicians Associates' bill that was not covered

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1   by CareFirst. (*Id.* ¶ 35.) Plaintiff reasons that CareFirst's alleged failure to provide "In-Network

2   benefits for emergency room services to the same extent as if the Health Care Facility or Health

3   Care practitioner was a Preferred Provider . . . [is] contrary to the plain language of the Plan

4   terms." (*Id.* ¶ 46.) Accordingly, in this purported class action, "Plaintiff seeks to recover benefits

5   due to him under the terms of his plan, to enforce his rights under the terms of his plan, and to

6   clarify his rights to future benefits under the terms of his plan." (*Id.* ¶ 47.)

7          The foregoing allegations fail to state a claim for relief under ERISA § 502(a)(1)(B). In

8   fact, the Complaint itself reveals that CareFirst fulfilled all of its obligations under the terms of

9   the Plan. (*Id.* ¶¶ 32-34.) Indeed, Plaintiff admits that CareFirst *paid* the Allowed Benefit

10  pursuant to Section 1.2b(i) of Attachment A to the Plan, *i.e.*, the In-Network benefit. (*Id.* ¶¶ 33-

11  34.) The terms of the Plan, as alleged by Plaintiff, do not require CareFirst to do any more than

12  that. Indeed, Plaintiff's assertion that CareFirst was responsible for paying the entirety of

13  Physicians Associates' billed charges has no support whatsoever in the ERISA plan documents.

14         CareFirst is not required to provide, and Plaintiff is not entitled to obtain, any benefits not

15  due under the Plan. Under the Plan, Plaintiff is entitled only to the "Allowed Benefit" for "the

16  treatment of an accidental injury or medical emergency." (*Id.* ¶ 24.) In this circumstance, the

17  "'Allowed Benefit' is defined as the lesser of 'the actual charge' or 'the amount CareFirst allows

18  for the service in effect on the date the service is rendered.'" (*Id.* ¶ 28.) As explained in the

19  Explanation of Benefits that Plaintiff received, the portion of the Physicians Associates' bill that

20  CareFirst paid was the Allowed Benefit under the Plan. (*Id.* ¶ 34.) Plaintiff has no right to

21  additional benefits from CareFirst.

22         Simply put, Plaintiff has alleged an entitlement to a plan benefit (payment of the entirety

23  of Physicians Associates' billed charges) which simply does not exist. To the contrary, the plan

24  documents make it abundantly clear that CareFirst fulfilled its obligations under the Plan as a

25  matter of law. Accordingly, Plaintiff has failed to state a viable claim for relief against CareFirst

26  under ERISA, and Count I of his Complaint therefore should be dismissed with prejudice.

27  ///

28  ///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

**B.      ERISA Preempts Plaintiff's State Unfair Competition Law Cause Of Action**

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  Accordingly, "ERISA contains one of the broadest preemption clauses ever enacted by Congress." *Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 817 (9th Cir. 1992) (quoting *PM Group Life Ins. v. W. Growers Assurance Trust*, 953 F.2d 543, 545 (9th Cir. 1992)).  For example, ERISA's express preemption provision provides, in pertinent part, that ERISA shall "supersede any and all State laws, insofar as they may now or hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title." 29 U.S.C. § 1144(a).  Accordingly, state laws may be preempted where there is an employee benefit plan as defined by ERISA and the state law "relates to" that plan. *Harper v. Am. Chambers Life Ins. Co.*, 898 F.2d 1432, 1433 (9th Cir. 1990).  In the Ninth Circuit, ERISA preemption is typically found in cases where "the state law claims address areas of exclusive federal concern, *such as the right to receive benefits under the terms of an ERISA plan*; and (2) the claims directly affect the relationship among traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of the U.S.*, 497 F.3d 972, 978 (9th Cir. 2007) (emphasis supplied).

Similarly, ERISA § 502(a), provides:  "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209.  ERISA § 502(a) includes comprehensive civil remedies to enforce the provisions of ERISA. *See* 29 U.S.C. § 1132(a).

The Ninth Circuit addressed ERISA conflict preemption in *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005).  Plaintiff-Appellant Cleghorn was a participant in his employer's ERISA health plan, which was administered by Blue Shield of California.  Cleghorn submitted a claim for reimbursement to Blue Shield, in connection with an emergency room visit.  Based on the terms of Cleghorn's plan, Blue Shield denied his claims.  Cleghorn brought a proposed class action in state court against Blue Shield, asserting various claims including a UCL

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1    cause of action.  Blue Shield removed the action to federal court and filed a motion to dismiss

2    Cleghorn's claims, based on ERISA preemption.  The District Court determined that Cleghorn's

3    claims were preempted and granted the motion to dismiss.  The District Court ruled that the

4    remedies Cleghorn sought, which included injunctive relief and disgorgement of illegally-gained

5    profits, conflicted with the remedies provided by ERISA.  *Id.* at 1226.

6         On appeal, the Ninth Circuit affirmed the District Court's ruling on Cleghorn's UCL

7    cause of action, holding that ERISA § 502(a) conflict preemption applied:  "Cleghorn's state-law

8    causes of action against Blue Shield, arising from Blue Shield's denial of benefits under an

9    ERISA plan, conflict with the exclusive civil enforcement scheme established by Congress in

10   section 502(a) of ERISA.  The state law claims are preempted for that reason."  *Id.* at 1227.

11        Similarly, the court in *Sarkisyan v. CIGNA Healthcare of California, Inc.*, determined that

12   a UCL claim asserted by plaintiff plan participants against the administrator of their ERISA

13   regulated employee benefit health plan was preempted.  613 F. Supp. 2d 1199 (C.D. Cal. 2009).

14   Finding that the success of plaintiffs' claims was based upon a determination that CIGNA's

15   administration of their health plan was unlawful, the *Sarkisyan* court held that the UCL cause of

16   action (among others) impermissibly conflicted with the exclusive remedies under ERISA.  *Id.* at

17   1208.

18        Significantly, a California Court of Appeal determined that ERISA preempts state law

19   claims relating to a denial of ERISA-covered plan benefits and associated "balance billing."  *See*

20   *Cohen v. Health Net*, 29 Cal. Rptr. 3d 46 (*previously published* at 129 Cal. App. 4th 841), *review*

21   *dismissed and remanded by* 56 Cal. Rptr. 3d 474 (Cal. 2007).  In *Cohen*, plaintiff member of an

22   employee health plan administered by defendant HMO, sued the insurer for various common law

23   claims and a violation of the UCL, after being "balance billed" for his son's emergency room

24   visit.  Affirming the trial court's grant of summary judgment for the insurer, the court found that

25   the plaintiff's claims "duplicate ERISA's civil enforcement remedy, under which [plaintiff] could

26   have sued 'to recover benefits due to him under the terms of his plan, to enforce his rights under

27   the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'"  *Id.* at

28   54 (quoting 29 U.S.C. § 1132(a)(1)(B)).

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1    This Court is presented with the same issue addressed in *Cleghorn, Sarkisyan* and *Cohen.*

2    Here, Plaintiff pleads a UCL cause of action, appearing to allege that CareFirst's purported failure

3    to provide benefits above the allowable amount under the Plan, was "unlawful" and "unfair."

4    (Compl. ¶¶ 51-53.)  As a result, Plaintiff requests injunctive relief and restitution.  (*Id.* ¶¶ 56-58.)

5    Plaintiff's state law claim, however, is based upon CareFirst's alleged failure to provide benefits

6    under an ERISA-regulated plan.  "[A] state-law claim need not be strictly duplicative of a section

7    502(a) claim to be preempted."  *Sarkisyan,* 613 F. Supp. 2d at 1208.  Rather, it is sufficient, as is

8    the case here, that Plaintiff's UCL cause of action and requested relief conflicts with "the

9    exclusivity" of ERISA's enforcement scheme.  Plaintiff's request for restitution arising out of the

10   purported failure of CareFirst to pay the balance of a provider charge allegedly due under the

11   terms of an ERISA plan clearly interferes with ERISA's comprehensive remedial scheme.

12        Accordingly, Plaintiff's UCL cause of action is preempted by ERISA § 502(a), and must

13   be dismissed with prejudice.

14        **C.    Plaintiff's UCL Claim Is Also Defective As a Matter of Law**

15        Even if the Court were to find that Plaintiff's UCL claim is not preempted by ERISA, it

16   nevertheless fails to state a claim as a matter of law.  Plaintiff asserts that CareFirst violated the

17   UCL based, in part, on the following alleged actions:

18
19
20
21
22
> Defendants' acts and practices are unlawful because they violate
> California law, including the Knox-Keene Health Care Service Plan
> Act of 1975, Health & Safety Code, §§ 1340, *et seq.* ("Knox-Keene
> Act") in that *Defendants* balance-billed Plaintiff for the difference
> between the amount billed by Emergency Physicians Associates for
> emergency room services and the amount paid by CareFirst for
> those services.  Defendants [are] emergency healthcare providers
> subject to the Knox-Keene Act.

23   (Compl. ¶ 52 (emphasis supplied).)

24        Contrary to Plaintiff's assertion, CareFirst *did not* balance bill Plaintiff and it is not an

25   "emergency healthcare provider[]" subject to the Knox-Keene Act.  Indeed, as Plaintiff readily

26   admits elsewhere in the Complaint, Physicians Associates (and only Physicians Associates)

27   balance billed Plaintiff.  (Compl. ¶ 35 ("Emergency Physician Associates billed Plaintiff for the

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1  balance not paid by CareFirst.").)  Balance billing is a practice carried out by healthcare

2  providers, not insurers.  *See, e.g., Prospect Med. Group, Inc. v. Northridge Emergency Med.*

3  *Group*, 45 Cal. 4th 497, 502 (Cal. 2009) (defining balance billing as when "the emergency room

4  doctors directly bill the *patient* for the difference between the bill submitted and the payment

5  received").  As a result, since CareFirst concededly did not balance bill Plaintiff, Plaintiff cannot

6  state a cognizable claim against CareFirst for a violation of the UCL premised on CareFirst's

7  allegedly unlawful balance billing.  *Wright v. Or. Metallurgical Corp.*, 360 F.3d 1090, 1098-1099

8  (9th Cir. 2004) (affirming dismissal of complaint where plaintiffs "plead[ed] [themselves] out of

9  court" because the facts in the reports attached to the complaint effectively precluded the ERISA

10  claim); *Transphase Sys. v. S. Cal. Edison*, 839 F. Supp. 711, 718 (C.D. Cal. 1993) (granting

11  motion to dismiss and rejecting plaintiffs' conclusory allegations because they were directly

12  contradicted by admissions in the complaint).

13  **D.      The Court Should Strike Plaintiff's Purported Class Definition**

14  Even if the Court were to determine that Plaintiff has stated a claim for relief under

15  ERISA, and his UCL cause of action is not preempted, at minimum, the Court should strike the

16  allegations in the Complaint defining the class to include non-California residents.  Under well-

17  settled law, Plaintiff may not assert a cognizable claim under California's UCL on behalf of

18  individuals who do not reside in California and suffered no injury in California.  *See, e.g., Speyer*

19  *v. Avis Rent A Car Sys., Inc.*, 415 F. Supp. 2d 1090, 1098-1099 (S.D. Cal. 2005) (citing California

20  law and determining that "the UCL may not apply [where] out-of-state conduct may not have

21  caused injury in California").

22  Plaintiff's purported class action seeks to include the following class of "similarly

23  situated" individuals: "All members enrolled in a [CareFirst] employee benefit plan who visited

24  an in-network emergency room for emergency services, received emergency room services from

25  an out-of-network or non-participating provider, and were billed for the balance of such services

26  from February 8, 2006 to the present." (Compl. ¶ 16.)  Plaintiff also seeks to bring his action on

27  behalf of a "subclass of California residents who were billed for the balance owing for emergency

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM

1   room services rendered by [Physicians Associates]." (*Id.*)  "Excluded from the Class [and

2   subclass] are Defendants, their parents, subsidiaries, and affiliates." (*Id.*)

3           In *Norwest Mortgage, Inc. v. Superior Court*, a California appellate court addressed the

4   issue of whether nationwide class certification could be granted under the UCL for claims of non-

5   California residents, for injuries arising outside of California.  72 Cal. App. 4th 214 (1999).  The

6   *Norwest* court determined that it could not, acknowledging that the "Legislature did not intend the

7   statutes of this state to have force or operation beyond the boundaries of the state." *Id.* at 222

8   (citation omitted); *see also Speyer*, 415 F. Supp. 2d at 1098-1099.

9           Here, to the extent Plaintiff's class definition includes non-California residents who

10  incurred no injury within California, the alleged class is improper.  Accordingly, the Court should

11  strike the class definition alleged in the Complaint as it relates to Plaintiff's UCL claim.

12  **V.      CONCLUSION**

13          Plaintiff's Complaint fails to state a cognizable claim for relief under ERISA, and his

14  UCL cause of action is preempted by ERISA.  Accordingly, CareFirst respectfully requests the

15  Court to dismiss the Complaint in its entirety, with prejudice.  CareFirst further requests that the

16  Court strike the improper class definition alleged in the Complaint.

17
    Dated: April 5, 2010                                   Crowell & Moring LLP
18

19
                                                    s/ Melanie Natasha Henry
20                                                     Attorneys for Defendant
                                          Group Hospitalization and Medical Services, Inc.
21                                           D/B/A CareFirst BlueCross BlueShield
                                                  E-mail: mhenry@crowell.com
22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

MPA ISO DEF. GROUP HOSPITALIZATION
SERVICES, INC.'S MOT. TO DISMISS; CASE NO. 10-
CV-00333-BEN-BLM